UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACEY B. FISHBEIN, KATRINA GARCIA, CATALINA SALDARRIAGA AND RUSSELL MARCHEWKA, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALL MARKET INC. d/b/a VITA COCO,<br><br>Defendant. | Case No. 11-Civ-5580 (JPO)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 4/12/12 |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT WITH ALL MARKET INC. d/b/a VITA COCO

THIS CAUSE came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, filed February 7, 2012 ("Motion"). The above-captioned parties (the "Parties") have entered into a Stipulation of Settlement, dated February 7, 2012, which was filed with the Court on February 7, 2012 ("Stipulation"). The Court, having reviewed the Motion, its accompanying memorandum, the Stipulation, and the file, hereby ORDERS AND ADJUDGES as follows:

1. Terms used in this Order that are defined in the Stipulation are, unless otherwise defined herein, used in this Order as defined in the Stipulation.

### Preliminary Approval of Stipulation

2. The terms of the Stipulation are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Final Approval Hearing described below. The Court finds that the Stipulation was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Stipulation should be given as provided in this Order.

### Class Certification

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and preliminarily certifies the following class for settlement purposes (the "Settlement Class"):

> All persons or entities in the United States who made retail purchases of Vita Coco Products during the Settlement Class Period. Specifically excluded from the Settlement Class are: (a) Vita Coco's employees, officers, directors, agents, and representatives; (b) those who purchased Vita Coco Products for the purpose of re-sale; (c) all federal judges who have presided over this case; and (d) all Persons who have been properly excluded from the Settlement Class.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Stipulation because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs and the Settlement Class share common questions of law and fact; (c) Plaintiffs' claims are typical of the Settlement Class; (d) Plaintiffs and Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (e) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

5. The Court hereby appoints Labaton Sucharow LLP and Whatley Drake & Kallas, LLC as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. Plaintiffs Stacey B. Fishbein, Katrina Garcia, Catalina Saldarriaga, and Russell Marchewka (collectively, "Plaintiffs") will serve as class representatives on behalf of the

Settlement Class.

### Notice to Potential Settlement Class Members

7. On August 22, 2012, at 2:30 PM, a Final Approval Hearing will be held to: (a) determine finally whether the settlement is fair, reasonable, and adequate; (b) determine whether a Final Order and Judgment should enter in this action based on the settlement; and (c) rule on Class Counsel's application for fees and costs and the class representatives' incentive awards. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.

8. The Class Notice and the manner in which it will be disseminated, as described in Section V of the Stipulation, is the best practicable notice under the circumstances and clearly and concisely states in plain, easily understood language:

   (i) the nature of the action;
   (ii) the definition of the class certified;
   (iii) the class claims and issues;
   (iv) that a class member may enter an appearance through an attorney if the member so desires;
   (v) that the court will exclude from the class any member who requests exclusion;
   (vi) the time and manner for requesting exclusion; and
   (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Class Notice is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and complies with the Due Process Clause of the United States Constitution.

9. All Settlement Class Members who properly make a request for exclusion from the Settlement Class, as provided in the Stipulation and Class Notice, shall not be deemed

Settlement Class Members and, as such, shall have no rights to participate in the Settlement should it be finally approved. The names of all such Settlement Class Members shall be attached as an exhibit to any Final Order and Judgment.

10. As set forth in greater detail in the Stipulation and the exhibits attached thereto, which are incorporated by reference:

(1) Notice of the Stipulation of Settlement shall be served on Defendant, pursuant to 28 U.S.C. § 1715, within ten (10) days after the Stipulation of Settlement and Motion for Preliminary Approval are filed in this Court, upon the appropriate Federal official and the appropriate State official of each state or territory in which a Settlement Class Member resides.

(2) Notice and Claim Form shall be mailed and posted on the internet within ten (10) days following the date of the Preliminary Approval Order ("Notice Mailing Date") (in a form substantially similar to Exhibit B).

(3) Notice will be published once in USA Today within ten (10) days of the date of Preliminary Approval, or as soon as commercially practicable thereafter.

(4) A press release will be distributed once by PR Newswire's U.S.1 and Hispanic newslines within ten (10) days of the date of Preliminary Approval, or as soon as commercially practicable thereafter.

(5) The Class Action Settlement Administrator shall file with the Court proof of compliance with the Notice Program no later than seven (7) business days prior to the Final Approval Hearing.

(6) A Final Approval Hearing shall be scheduled within approximately one hundred twenty (120) days following the date of this Preliminary Approval Order, or as the Court's schedule permits.

(7) All papers in support of final approval of the settlement and in support of Plaintiffs' application for an award of attorneys' fees and expenses and incentive awards shall be filed not less than forty-five (45) days prior to the Final Approval Hearing.

(8) Any requests for exclusion from the Settlement Class must be postmarked not less than thirty (30) days prior to the Final Approval Hearing.

(9) Any objections to the Stipulation must be filed with the Court and served on the Parties' counsel not less than thirty (30) days prior to the Final Approval Hearing.

   (10) All completed Claim Forms must be postmarked or submitted online within ninety (90) days after the Notice Mailing Date.

11. If the Stipulation is not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Judgment as contemplated by the Stipulation, or the settlement is terminated pursuant to the terms of the Stipulation for any reason:

  a. All orders and findings entered in connection with the settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

  b. The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, the action shall proceed as though the Settlement Class had never been certified pursuant to this settlement and such findings had never been made, and the action shall return to the procedural *status quo* before entry of this Order;

  c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this action as a class action or relating to Defendant's liability with respect to any claims that were or could have been asserted in this action;

  d. Nothing in this Preliminary Approval Order or pertaining to the settlement shall be used as evidence in any further proceeding in this action or any other action, including, but not limited to, motions or proceedings seeking treatment of this action as a class action; and

  e. All of the Court's prior orders having nothing whatsoever to do with class certification or settlement approval shall, subject to this Preliminary Approval Order, remain in force and effect.

12. Pending final determination of whether the settlement should be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or in any other capacity, shall commence any action against any of the Released Persons in any court, tribunal, or other adjudicatory body asserting any of the Released Claims. All Settlement Class Members who do not properly make a request for exclusion from the Settlement Class shall be bound by the Final Order and Judgment should it be entered.

## Settlement Administration

13. To effectuate the Stipulation and the Class Notice provisions, the Court hereby approves The Garden City Group as the Class Action Settlement Administrator to be responsible for providing Class Notice and administering the claims process.

## Termination

14. In the event that the Stipulation is terminated in accordance with its provisions, the Stipulation and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Stipulation, and without prejudice to the status quo ante rights of Plaintiffs, Defendant, and the members of the Settlement Class.

ORDERED this 12th day of April, 2012.

J. Paul Oetken, U. S. D. J.