# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| STACEY B. FISHBEIN, KATRINA GARCIA, CATALINA SALDARRIAGA AND RUSSELL MARCHEWKA, on Behalf of Themselves and All Others Similarly Situated, | : <br> : <br> :   **Case No. 11-Civ-5580 (JPO)** <br> : <br> : |
| **Plaintiffs,** | : <br> : |
| **v.** | : <br> : |
| ALL MARKET INC. d/b/a VITA COCO, | : <br> : |
| **Defendant.** | : <br> : |

---

### PLAINTIFFS' RESPONSE TO THE OBJECTION OF TIMOTHY BLANCHARD

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................................ 1

II.     ARGUMENT ................................................................................................................... 1

     A.      As Mr. Blanchard is a Serial Objector, His Objection Should Be Viewed with Caution ... 1

     B.      Variations in State Law Do Not Defeat Class Certification ................................................. 3

     C.      Mr. Blanchard's Boilerplate Objections to the Fairness, Adequacy and Reasonableness of the Settlement And Plaintiffs' Fee Application are Unfounded .................................... 4

III.    CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**CASES**

*Bresson v. Thomas McKinnon Sec. Inc.*,
118 F.R.D. 339 (S.D.N.Y. 1988) ............................................................................. 3

*Devlin v Scardaletti*,
536 U.S. 1 (2001) ..................................................................................................... 2

*Ersler v. Toshiba America, Inc.*,
No. CV-07-2304, 2009 U.S. Dist. LEXIS 14374 (E.D.N.Y. Feb. 24, 2009)............ 3

*Fernandez v. Millennium Products, Inc.*,
Los Angeles County Superior Court, Case No. BC448920 ...................................... 2

*In Re Sony SXRD Rear Projection Television Class Action Litig.*,
No. 06 Civ. 5173, 2008 U.S. Dist. LEXIS 36093 (S.D.N.Y. May 1, 2008) ............ 3

*Patch v. Millennium Products, Inc.*,
Los Angeles County Superior Court, Case No. BC448347 ...................................... 2

*Steinberg v. Nationwide Mut. Ins. Co.*,
224 F.R.D. 67 (E.D.N.Y. 2004) ............................................................................... 3

**OTHER AUTHORITIES**

Alba Conte & Herbert B. Newberg, *5 Newburg on Class Actions* § 15:37 (4th ed. 2002) ........... 2

Barbara J. Rothstein & Thomas J. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* (2005) ......................................................... 2

## I.     INTRODUCTION

Plaintiffs Fishbein, Garcia, Saldarriaga, and Marchewka (hereinafter, "Plaintiffs") respectfully submit this response to the objection to the proposed settlement and attorneys' fee award submitted by Tim Blanchard on July 20, 2012 (the "Blanchard Objection").   Mr. Blanchard, a serial objector, has submitted a boilerplate objection to the proposed settlement on a variety of broad grounds.   Mr. Blanchard first objects that class certification would purportedly be improper because the proposed Settlement Class is comprised of individuals from states with varying consumer protection and other laws.   Blanchard Objection at 1.   Mr. Blanchard also vaguely objects, without any support whatsoever, that Plaintiffs have not satisfied their burden of proof on "fairness, adequacy and reasonableness" of the proposed settlement.   *Id.*   Finally, Mr. Blanchard objects to Plaintiffs' attorneys' fee application both on a lodestar basis and a percentage-of-the-recovery basis.   *Id.*   For the reasons set forth below, Mr. Blanchard's generic objections, which were not submitted for the benefit of the proposed Settlement Class, are completely meritless and should be rejected in their entirety.

## II.    ARGUMENT

### A.     As Mr. Blanchard is a Serial Objector, His Objection Should Be Viewed with Caution

Legitimate objectors exercising their right to object to a proposed class settlement play a valuable role in ensuring that settlements are fair and adequate, particularly in complex cases with complex settlements.   However, a growing number of unscrupulous individuals attempt to make a living exploiting the right to object to class action settlements by filing objections and subsequent appeals for the sole purpose of extorting a pay-off.   These objections are often harmful to the class as they tend to delay benefits negotiated on behalf of the class and agreed to

by the defending parties. *See* Alba Conte & Herbert B. Newberg, *5 Newburg on Class Actions* § 15:37 (4th ed. 2002). *See also Devlin v Scardaletti*, 536 U.S. 1, 23 n.5 (2001) (Scalia, J., dissenting) (observing that professional objectors' penchant for filing "canned" briefs and baseless objections often lead to baseless appeals in the quest for a fee).

Mr. Blanchard appears to be a "serial" or "professional" objector. As such, the Court should review his objection with skepticism. The Federal Judicial Center has warned courts to "[w]atch out... 'for canned objections filed by professional objectors who seek out class actions to simply extract a fee for lodging generic, unhelpful protests.'" Barbara J. Rothstein & Thomas J. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges,* at 11 (2005). Courts are further cautioned to be "wary of self-interested professional objectors who often present rote objections to class counsel's fee requests and add little or nothing to the fee proceedings." *Id.* at 24.

Mr. Blanchard's objections to this settlement are precisely the kind of canned, rote objections that only do disservice to the proposed Settlement Class. Indeed, in the last few months alone, Mr. Blanchard objected to at least two class action settlements involving different consumer products, including this one. In both instances, Mr. Blanchard submitted his objections in the same boilerplate manner and failed to provide any support whatsoever for his objections. Compare Exhibit A attached hereto (Mr. Blanchard's objection in this case) with Exhibit B attached hereto (Mr.Blanchard's objection in *Patch v. Millennium Products, Inc.*, Los Angeles County Superior Court, Case No. BC448347 and *Fernandez v. Millennium Products, Inc.*, Los Angeles County Superior Court, Case No. BC448920). Mr. Blanchard's boilerplate objections are without merit and should be overruled.

2

**B.      Variations in State Law Do Not Defeat Class Certification**

Mr. Blanchard's assertion that differing laws of varying states should defeat class certification is misplaced.   As this Court has recognized in analyzing class certification in the settlement context, where class allegations are "subject to generalized proof to establish breach of …warranties, violation of consumer protection law and unjust enrichment," class treatment is appropriate notwithstanding the applicability of various states' laws.   *See In Re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06 Civ. 5173, 2008 U.S. Dist. LEXIS 36093, at *37-38 (S.D.N.Y. May 1, 2008) (certifying nationwide class of purchasers of defective televisions for settlement purposes even though the plaintiffs faced "difficult choice of law and pleading issues").   Moreover, "when considering certification for purposes of settlement . . .courts are more inclined to find the predominance test met, even when there are differences in applicable state laws."   *Ersler v. Toshiba America, Inc.*, No. CV-07-2304, 2009 U.S. Dist. LEXIS 14374, at *13 (E.D.N.Y. Feb. 24, 2009) (certifying nationwide class of consumers who purchased defective televisions).   Other courts within this Circuit have certified nationwide classes of consumers despite differences in state laws.   *See, e.g., Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 76-80 (E.D.N.Y. 2004) (certifying nationwide class of automobile insurance purchasers notwithstanding differences in applicable state insurance laws); *Bresson v. Thomas McKinnon Sec. Inc.*, 118 F.R.D. 339 at 343-44 (S.D.N.Y. 1988) (certifying nationwide class of stock purchasers, noting that "state laws governing [claims for fraud] do not vary significantly, since common principles underlie them").   Here, all members of the settlement Class are unified by and share common factual allegations arising from Defendant's alleged misrepresentations concerning the health benefits and nutritional contents of its Vita Coco

3

Products.  As such, their claims are subject to generalized, common proof regardless of any variation among the relevant states' laws.

Moreover, it is defendants who can raise state law variations as a potential defense against certification.  In agreeing to this settlement, and in exchange for certainty and closure, Vita Coco has conferred a significant benefit on the Settlement Class by providing nationwide relief, including to those purchasers who, arguably, might not otherwise have been able to obtain it.  Certification of the Settlement Class is therefore proper and Mr. Blanchard's objection to class certification should be denied.

### C.    Mr. Blanchard's Boilerplate Objections to the Fairness, Adequacy and Reasonableness of the Settlement And Plaintiffs' Fee Application are Unfounded

Mr. Blanchard's vague, generalized objections as to the fairness, adequacy and reasonableness of the settlement are unfounded and, in any event, they are squarely addressed by Plaintiff's Motion for Final Approval previously submitted to the Court.   Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Settlement (Dkt. # 32).  The settlement was negotiated by experienced and capable counsel and provides for substantial economic relief to the Settlement Class, including cash payments and product vouchers.  *Id.* at 5-7, 13, 19.  The settlement also provides for meaningful injunctive relief in the form of a five-year program which will, *inter alia*, change the labels and advertising of Defendant's Vita Coco Products to more clearly and accurately describe the Vita Coco Products and provide for an enhanced testing and quality assurance program.  *Id.* at 7-9, 19.  Additionally, the settlement provides for *cy pres* benefits to specific charitable organizations, including charitable organizations whose mission, in part, is to ensure the accuracy and truthfulness of the marketing and nutritional labeling of food and beverages -- a cause closely related to the interests of the

4

Settlement Class and the central purpose of consumer protection statutes.  By virtue of the settlement, these results were achieved without the delay and substantial risks inherent in protracted litigation.  *Id.* at 14-19.  The settlement is not only fair, reasonable and adequate, it provides an excellent result to the Settlement Class.

Mr. Blanchard's boilerplate objection to Plaintiffs' attorneys' fee application is similarly misplaced.  Plaintiffs are seeking attorneys' fees totaling a mere 7% of the overall value of the Settlement and less than 77% of the lodestar incurred by their counsel.  Plaintiffs' Memorandum of Law in Support of Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards (Dkt. # 39), at 1.  As such, whether analyzed under a percentage-of-the-recovery method or lodestar method, the attorneys' fees requested are extremely modest and reasonable.

### III.   CONCLUSION

For all of the foregoing reasons, the Court should overrule Mr. Blanchard's objections in their entirety.

Dated:  August 13, 2012                          Respectfully submitted,


                                                 **LABATON SUCHAROW LLP**

                                                 /s/ Bernard Persky
                                                 Bernard Persky
                                                 Hollis L. Salzman
                                                 William V. Reiss
                                                 140 Broadway, 34th Floor
                                                 New York, NY 10005
                                                 Tel.:  212-907-0700
                                                 Fax:  212-818-0477
                                                 bpersky@labaton.com
                                                 hsalzman@labaton.com
                                                 wreiss@labaton.com

**WHATLEY DRAKE & KALLAS, LLC**
Joe R. Whatley, Jr.
Patrick J. Sheehan
380 Madison Avenue, 23rd Floor
New York, NY 10017
Tel.:  212-447-7070
Fax:  212-447-7077
jwhatley@wdklaw.com
psheehan@wdklaw.com

*Attorneys for Plaintiffs and the Settlement Class*