UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stacey B. Fishbein, Katrina Garcia, Catalina Saldarriaga and Russell Marchewka, et. al.

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

11 Civ. 5580 (JPO) ( )

- against -

All Market Inc., d/b/a Vita Cococ

**NOTICE OF APPEAL IN A CIVIL CASE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **SEP 17 2012**

Notice is hereby given that Tim Blanchard
*(party)*

hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment

Doc #51-Order Granting Plaintiffs' Motion for an Award of Attorneys' Fees, E#xpenses and Incentive Awards and

*(describe the judgment)*

Doc #51-Final Order and Judgment Approving Class Action Settlement and Dismissing Class Action with prejudice

entered in this action on the 22nd day of August, 2012.
*(date)* *(month)* *(year)*

Signature

6635 S. Staples St., #1616
*Address*

Corpus Christi, Texas 78413
*City, State & Zip Code*

DATED: September 13, 2012          (361) 558 - 3477
                                    *Telephone Number*

**NOTE:** To take an appeal, this form must be received by the *Pro Se* Office of the Southern District of New York within thirty (30) days of the date on which the judgment was entered, or sixty (60) days if the United States or an officer or agency of the United States is a party.

*Rev. 05/2007*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACEY B. FISHBEIN, KATRINA GARCIA, CATALINA SALDARRIAGA AND RUSSELL MARCHEWKA, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALL MARKET INC. d/b/a VITA COCO,<br><br>Defendant. | Case No. 11-Civ-5580 (JPO) |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED AUG 2 2 2012

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING CLASS ACTION WITH PREJUDICE

WHEREAS, the above-captioned parties (collectively, "Parties") have entered into a Stipulation of Settlement, dated February 7, 2012, which was filed with the Court on February 7, 2012 ("Stipulation") and seek to settle and resolve this Litigation (as defined in the Stipulation) in its entirety;

WHEREAS, the Court entered an Order, dated April 12, 2012, preliminarily certifying the Settlement Class in this Litigation for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordering notice to potential Settlement Class Members, scheduling a Final Approval Hearing, and providing potential Settlement Class Members with an opportunity either to exclude themselves from the Settlement Class or to object to the proposed settlement ("Preliminary Approval Order"), Dkt. No. 30;

WHEREAS, the Parties provided notice of the proposed settlement to Settlement Class Members and to the appropriate state and federal government officials under 28 U.S.C. § 1715;

WHEREAS, the Court held a Final Approval Hearing on August 22, 2012, at 2:30 p.m. to determine whether to give final approval to the proposed settlement; and

WHEREAS, the Parties have complied with the Preliminary Approval Order and the Court is of the opinion that the settlement is fair, adequate, and reasonable, and that it should be approved.

NOW THEREFORE, based on the submissions of the Parties, on the argument of counsel at the Final Approval Hearing, and on the Court's Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Incorporation of Defined Terms and the Stipulation. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment Approving Class Action Settlement and Dismissing Class Action with Prejudice ("Final Order and Judgment") shall have the same definitions as in the Stipulation. The Stipulation (and any attachments, exhibits, or amendments thereto) is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes.

2. Jurisdiction. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over this Litigation, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' Amended Class Action Complaint, and to dismiss this Litigation with prejudice, all upon the terms and conditions set forth in the Stipulation.

3. Final Class Certification. The Settlement Class this Court preliminarily certified in its Preliminary Approval Order is hereby finally certified for settlement purposes solely under Fed. R. Civ. P. 23(b)(2) and (3). The Settlement Class consists of all persons or entities in the

United States who made retail purchases of Vita Coco Products during the Settlement Class Period. Specifically excluded from the Settlement Class are: (a) Vita Coco's employees, officers, directors, agents, and representatives; (b) those who purchased Vita Coco Products for the purpose of re-sale; (c) all federal judges who have presided over this case; and (d) all Persons who have been properly excluded from the Settlement Class.

4. Adequacy of Representation. The appointment of Labaton Sucharow LLP and Whatley Drake & Kallas, LLC as Class Counsel is fully and finally confirmed in accordance with Federal Rule of Civil Procedure 23(g). The Court finds that Plaintiffs and Class Counsel have fully and adequately represented the Class for purposes of entering into and implementing the Stipulation and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4).

5. Class Notice. The Court finds that the dissemination of Class Notice pursuant to the Notice Program, in accordance with the Stipulation and the Preliminary Approval Order:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Litigation;

(b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the pendency of this Litigation, including the nature of the action, the definition of the Settlement Class, and the claims of the Settlement Class; (ii) their right to request exclusion from the Settlement Class and the proposed settlement and the appropriate procedure for doing so; (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the Settlement Class' representation by Plaintiffs or Class Counsel, and/or the award of attorneys' fees and costs and the class representative incentive awards); (iv) their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense); (v) Class Counsel's request for attorneys' fees and costs; and (vi) the binding effect of the Final Order and Judgment in this Litigation, whether favorable or unfavorable, on all persons who have not requested exclusion from the Class;

(c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to such notice; and

3

(d) fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rules 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable laws.

6. Class Action Fairness Act Notice. The Court finds that Defendant provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the required 90-day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering this Final Order and Judgment. And neither the Parties nor the Court have received any objections from the appropriate state and federal government officials.

7. Final Settlement Approval. The terms and provisions of the Stipulation are fully and finally approved as fair, reasonable and adequate, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Motion for Final Approval of Class Action Settlement is GRANTED. The Parties and Settlement Class Members are hereby directed to implement and consummate the Stipulation according to its terms and provisions.

8 Releases. The Releases contained in the Stipulation are expressly incorporated herein in all respects, are effective as of the date of this Final Order and Judgment, and forever discharge the Released Persons as set forth therein.

9. Permanent Injunction. All Settlement Class Members (and their heirs, executors and administrators, beneficiaries, predecessors, successors, affiliates and assigns), and any person or entity claiming by or through a Settlement Class Member are permanently barred and enjoined from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as class members or otherwise), or receiving any

4

benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the Released Claims; and/or (b) organizing or soliciting the participation of any Settlement Class Member in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the Released Claims. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this Litigation and to protect and effectuate the Court's Final Order and Judgment.

10. Properly Excluded Persons. The Court finds that the potential Settlement Class Members, if any, set forth in Exhibit A hereto have timely requested to be excluded from the Settlement Class.

11. Binding Effect. The terms of the Stipulation and of this Final Order and Judgment shall be forever binding on Plaintiffs and all Settlement Class Members, as well as their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates and assigns as to all claims and issues that have or could have been raised in this Litigation.

12. Injunctive Relief. Beginning December 7, 2011 (the date in which the Parties executed the term sheet in this Litigation) and running for a period of five (5) years from that date, Defendant shall: (1) change the labels and advertising of its Vita Coco Products to more clearly describe the variable nature of coconut water by, among other things, creating geographically distinct labeling and destroying existing inventories of labels; and (2) increase quality control of Vita Coco Products, including but not limited to, hiring additional quality control personnel, creating a robust and regular independent testing program, and rejecting non-

compliant Vita Coco Products. Defendant shall provide Class Counsel, on an annual basis, a report of the cost and expenditures associated with this program. Defendant shall refrain from making any representations that Vita Coco Products are more hydrating than sports drinks unless it has scientific evidence supporting the claim. Defendant will pay no less than $4 million implementing this extensive five year injunctive relief program.

13. No Admissions; Enforcement. Neither this Final Order and Judgment nor the Stipulation (nor any related documents or other document referred to herein, nor any action taken to negotiate, effectuate and implement the Stipulation) is, may be construed as, or may be used as an admission or concession by or against Defendant as to the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Additionally, neither the Stipulation, nor any negotiations, documents, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against Defendant in any court, administrative agency or other tribunal, for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the Stipulation. Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the settlement.

This Final Order and Judgment and the Stipulation may be filed and used by Defendant or the Released Persons to seek an injunction and to support a defense of *res judicata*, collateral estoppel, judicial estoppel, common-law estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

Certification shall be automatically vacated and this Final Order and Judgment shall become null and void if the Stipulation is disapproved by any appellate court and/or any other court of review, or if the Stipulation is terminated according to its terms and conditions, in which

event this Final Order and Judgment, the Stipulation, and the fact that they were entered into shall not be offered, received or construed as an admission or as evidence for any purpose, including, but not limited to, the certification of any class and Defendant's liability with respect to any claims that were or could have been asserted in this Litigation. The Stipulation itself, actions in conformance with same, and the other documents prepared or executed by either Party in negotiating or implementing the Stipulation, including any of the terms of any such documents, shall not be construed as an admission, waiver or estoppel by Defendant and shall not be offered in evidence in or shared with any party to any civil, criminal, administrative, or other action or proceeding without Defendant's express written consent.

14. <u>Modification of the Stipulation.</u> The Parties are hereby authorized, without further approval from the Court, to agree to and adopt reasonable amendments, modifications and expansions of the settlement, provided that those amendments, modifications and expansions of the settlement are not materially inconsistent with this Final Order and Judgment and do not materially limit the rights of Settlement Class Members under the Stipulation or herein.

15. <u>Retention of Jurisdiction.</u> The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality thereof, the Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Stipulation, and of this Final Order and Judgment, and for any other necessary purposes, including, without limitation:

   a.  enforcing the terms and conditions of the Stipulation and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Stipulation, this Final Order and Judgment (including, without limitation, whether a person is or is not a Settlement Class Member, and whether claims or causes of action allegedly related to this Litigation are or are not barred by the Final Order and Judgment or Release);

   b.  entering such additional orders as may be necessary or appropriate to protect or effectuate this Final Order and the Judgment approving the Stipulation,

7

dismissing all claims with prejudice, and permanently enjoining Settlement Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of the settlement; and

c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

16. <u>Dismissal of Litigation.</u> This Litigation, including all individual and class claims resolved by this Litigation, is hereby dismissed with prejudice as to the Defendant against Plaintiffs and all other Settlement Class Members, without fees or costs to any Party except as otherwise provided in this Final Order and Judgment. Upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, released, waived and discharged the Released Parties from all Released Claims.

17. <u>Entry of Judgment.</u> Because the Parties' settlement resolves all claims that were or could have been asserted in this Litigation as to all the Parties and Settlement Class Members, Final Judgment is entered as to all Parties and Settlement Class Members and with respect to all claims that were or could have been asserted in the Litigation.

ORDERED this 22nd day of August, 2012.

J. Paul Oetken, U. S. D. J.

8

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:                    (        )

Dear Litigant,

    Enclosed is a copy of the judgment entered in your case.

    Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

    If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

    The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

    The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

Ruby J. Krajick, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS

U.S.D.C. S.D.N.Y. CM/ECF Support Unit      1      Revised: May 4, 2010

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

------------------------------------------X
|
|   **NOTICE OF APPEAL**
|
-V-   |
|
|   civ.            (    )
|
------------------------------------------X

    Notice is hereby given that _____
                                                                                   (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____, _____ .
                                  (day)        (month)      (year)

                                       _____
                                                  (Signature)

                                     _____
                                                  (Address)

                                     _____
                                    (City, State and Zip Code)

Date: _____        (    )_____-_____
                                                  (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS

FORM 1

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

-------------------------------X
|
|        MOTION FOR EXTENSION OF TIME
|        TO FILE A NOTICE OF APPEAL
-V-      |
|        civ.         (    )
|
-------------------------------X

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
                                              (party)
requests leave to file the within notice of appeal out of time. _____
                                                                      (party)
desires to appeal the judgment in this action entered on _____ but failed to file a
                                                              (day)
notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____      (     ) _____-_____
                                        (Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be <u>received</u> in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS

District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 3

## United States District Court
### Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

----------------------------------------X
                                        |
                                        |   **AFFIRMATION OF SERVICE**
                                        |
           -V-                          |
                                        |   civ.        (   )
                                        |
----------------------------------------X

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
      New York, New York

                                              _____
                                                        (Signature)
                                              _____
                                                        (Address)
                                              _____
                                              (City, State and Zip Code)

FORM 4

APPEAL FORMS

FORM 2

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------X
                              |
                              |    NOTICE OF APPEAL
                              |         AND
         -V-                  |  MOTION FOR EXTENSION OF TIME
                              |
                              |    civ.        (    )
                              |
------------------------------X
```

1.  Notice is hereby given that _____ hereby appeals to
                                            (party)
the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
    [Give a description of the judgment]



2.  In the event that this form was not received in the Clerk's office within the required time
_____ respectfully requests the court to grant an extension of time in
          (party)
accordance with Fed. R. App. P. 4(a)(5).

    a.  In support of this request, _____ states that
                                              (party)
this Court's judgment was received on _____ and that this form was mailed to the
                                          (date)
court on _____ .
              (date)

                                            _____
                                                      (Signature)

                                            _____
                                                      (Address)

                                            _____
                                                  (City, State and Zip Code)

Date: _____         (    ) _____-_____
                                                (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the

APPEAL FORMS

USDC SDNY CM/ECF Support Unit                 4                        Revised: May 4, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STACEY B. FISHBEIN, KATRINA GARCIA, CATALINA SALDARRIAGA AND RUSSELL MARCHEWKA, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

ALL MARKET INC. d/b/a VITA COCO,

Defendant.

Case No. 11-Civ-5580 (JPO)



[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

WHEREAS, Plaintiffs have moved this Court for an award of attorneys' fees, expenses and incentive awards;

WHEREAS, the Court has reviewed the submissions of the Parties, including the Declarations of Class Counsel and Additional Plaintiffs' Counsel and the argument of counsel at the Final Approval Hearing;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.  Incorporation of Defined Terms and the Stipulation. Except where otherwise noted, all capitalized terms used in this Order Granting Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards ("Order Awarding Attorneys' Fees, Expenses and Incentive Awards") shall have the same definitions as in the Stipulation of Settlement entered into between the Parties (the "Stipulation"). The Stipulation (and any attachments, exhibits, or amendments thereto) is expressly incorporated by reference into this Order Awarding Attorneys' Fees, Reimbursement of Expenses and Incentive Awards for Class Representatives and made a part hereof for all purposes.

2.  Attorneys' Fees and Expenses. The Court has considered the Parties' submissions and all other relevant factors, including, but not limited to, the results achieved and the efforts of Class Counsel and Other Plaintiffs' Counsel in prosecuting the claims of the Settlement Class. The efforts of Class Counsel and Additional Plaintiffs' Counsel have produced the Stipulation, which provides a fair, reasonable, adequate and certain result for the Settlement Class. Class Counsel and Additional Plaintiffs' Counsel are entitled to recover reasonable attorneys' fees and expenses for their efforts. The Court finds the request for $750,000 in attorneys' fees and expenses, which includes a request for reimbursement of $15,354.34 in expenses, to be reasonable. The Court further authorizes Class Counsel to distribute the attorneys' fees and

expenses awarded in a manner which, in the opinion of Class Counsel, fairly compensates them, Additional Plaintiffs' Counsel and counsel for the plaintiff in *Shenkman v. All Market, Inc.*, No. BC467166 (Los Angeles Superior Court), for their services. To the extent that there are any disputes that cannot be resolved, the Court will resolve them.

3. <u>Incentive Awards.</u> The Court further finds that the incentive awards requested by Plaintiffs Fishbein, Garcia, Saldarriaga and Marchewka in the amount of $2,000 each are reasonable and consistent with or below incentive awards typically awarded in similar litigation. The incentive awards requested are therefore approved for payment in accordance with the Stipulation.

ORDERED this 22nd day of August, 2012.

J. Paul Oetken, U. S. D. J.

2